IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANDRA SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-1287-DWD |
| | ) |
| GLOBAL VASION, INC., and | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

In December 2018, Plaintiff Sandra Scott ordered a pair of electrically heated socks from Defendant Global Vasion, Inc. ("Global Vasion") on Amazon.com. While using the socks, Scott's father, Floyd Scott, suffered a severe burn which caused significant injuries and ultimately his death in May 2019. Scott brought claims on her father's behalf against Global Vasion and Defendants Amazon.com, Inc. ("Amazon") and Amazon.com Services, LLC.[1] Now before the court is Amazon's motion to dismiss Counts XII, XIII, XVI, and XVII of Scott's complaint.[2] (Doc. 24) For the following reasons, the motion is due to be denied.

**I. FACTUAL BACKGROUND**

Global Vision manufactures electrically heated socks and sells them on its own

---

[1] Amazon.com Services, LLC was dismissed on April 21, 2021. Doc. 45.
[2] Scott voluntarily dismissed Counts XII and XIII on March 8, 2021. Docs. 38 & 39. Therefore, the court will only consider the parties' arguments regarding Counts XVI and XVII.

website and on Amazon.com. (Doc. 1 at 3–4)[3] To sell products on Amazon.com, third-party sellers must agree to the Amazon Services Business Solutions Agreement ("BSA").[4] (Doc. 25-1 at 4–36) Amazon provides several different services for sellers, including "Selling on Amazon" and "Fulfillment by Amazon," the terms for which are included in the BSA. (Doc. 25-1 at 4) Global Vasion used the "Fulfillment by Amazon" service to sell its socks. (Doc. 1 at 5) This meant that Amazon stored the socks at its fulfillment centers and directly packed, shipped, and provided customer service for the socks. (Doc. 1 at 5) Amazon also offers a payment processing service that charges buyers and remits the purchase price to the third-party seller, less the fees that Amazon retains. (Doc. 1 at 5)

Scott purchased the socks from Global Vasion on Amazon.com, and Amazon shipped them to her from one of its distribution centers. (Doc. 1 at 5) The socks arrived in an Amazon-labeled box. (Doc. 1 at 5) In December 2018, Scott gave the socks to her father, Floyd Scott. (Doc. 1 at 6) He wore them for about three hours before removing the batteries. (Doc. 1 at 6) When he removed the socks the next day, he found that he had suffered a severe burn to his right foot. (Doc. 1 at 6) The burn required multiple hospital admissions and surgery to treat. (Doc. 1 at 6) Ultimately, Floyd Scott died on May 20, 2019 from his injuries. (Doc. 1 at 7)

## II. MOTION TO DISMISS STANDARD

---

[3] All record citations refer to the document and page number as designated by the court's electronic filing system.

[4] "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Scott referred to the BSA in her complaint (Doc. 1 at 5), and Amazon attached it to its motion. Doc. 25-1.

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. Proc. 8(a)(2)). The court will accept all well-pleaded allegations as true. *Iqbal*, 556 U.S. at 678. However, the court will not accept legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 677–78). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Arnett*, 658 F.3d at 751–52 (internal quotations and citation omitted).

### III.  ANALYSIS

Both Counts XVI and XVII allege that Amazon breached the implied warranty of merchantability by selling socks that had inadequate design, warnings, and instructions. (Doc. 1 at 30–32) Amazon argues that both counts should be dismissed because it is not the seller of the socks and because it disclaimed all warranties in the Conditions of Use that govern every transaction on its website. (Doc. 25 at 13)

A.      **"Seller" under the UCC**

Illinois' Uniform Commercial Code ("UCC") provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." 810 Ill. Comp. Stat. 5/2-314. Amazon argues that it is not a seller within the meaning of this statute. Doc. 25 at 13–14. The UCC defines "seller" as "a person who sells or contracts to sell goods." 810 Ill. Comp. Stat. 5/2-103(1)(d). And the UCC defines a "sale" as a "passing of title from the seller to the buyer for a price." 810 Ill. Comp. Stat. 5/2-106(1). Thus, under the UCC, a seller is one who passes title to a buyer for a price.

Scott argues that Amazon passed title for the socks from Global Vasion to her, even if Amazon never held title to the socks. (Doc. 37 at 4) According to Scott, the UCC recognizes that a merchant can pass title without holding it. (Doc. 37 at 4) Specifically, she points to a provision in the UCC that states, "[e]ach provision of this Article with regard to the rights, obligations and remedies of the seller, the buyer, purchasers or other third parties applies irrespective of title to the goods except where the provision refers to such title." 810 Ill. Comp. Stat. 5/2-401. However, the very next sentence indicates that the following rules will apply "[i]nsofar as situations are not covered by the other provisions of this Article and matters concerning title become material." 810 Ill. Comp. Stat. 5/2-401. Because the UCC defines "seller" in terms of how title is passed, title is material to this situation, and the court must consider the following rules. One applies here: "Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the

goods . . . ." 810 Ill. Comp. Stat. 5/2-401(2).

Amazon argues that the BSA—an explicit agreement between Amazon and Global Vasion—makes clear that it is not the seller. (Doc. 25 at 13) Specifically, Amazon points out that the BSA refers to "[Global Vasion's] offer and subsequent sale." (Doc. 25-1 at 15) However, that reference comes under the terms for the "Selling on Amazon" service. (Doc. 25-1 at 14) Scott alleges that Global Vasion sold the socks under Amazon's "Fulfillment by Amazon" service, which has a separate set of terms within the BSA. (Doc. 25-1 at 20) The "Fulfillment by Amazon" terms describe different points at which the third-party seller or Amazon has title to the goods. (*See* Doc. 25-1 at 21, 22, 24 & 25) The "Fulfillment by Amazon" terms also indicate that both Amazon and the third-party seller are responsible for delivering products at different points—the third-party seller to Amazon and Amazon to the customer. (Doc. 25-1 at 20–25) On these facts, Amazon has not shown that the BSA precludes the possibility that title passed from Amazon to Scott at some point during the transaction.

Further, none of the caselaw cited by Amazon forecloses the possibility that Amazon may pass title to the buyer. The only case relying on Illinois law, *Garber v. Amazon.com, Inc.*, 380 F. Supp. 3d 766, 776 (N.D. Ill. 2019), concludes that Amazon was not a seller in part because it was undisputed that title passed directly from the third-party seller to the buyer. The parties here dispute that point. *Compare* Doc. 25 at 13–14, *with* Doc. 37 at 4. Amazon's other cases are distinguishable because they were decided at summary judgment, under different state law, or under different facts. *See Erie Ins. Co. v. Amazon.com, Inc.*, 925 F.3d 135, 141 (4th Cir. 2019) (affirming summary judgment in favor

of Amazon under Maryland law); *Phila. Indem. Ins. Co. v. Amazon.com, Inc.*, 425 F. Supp. 3d 158, 163–64 (E.D.N.Y. 2019) (granting summary judgment in favor of Amazon because it was not a seller under New York law); *McDonald v. LG Elecs. USA, Inc.*, 219 F. Supp. 3d 533, 535, 542 (D. Md. 2016) (finding that Amazon was not a seller under Maryland law when third-party seller sold and shipped product to buyer directly).

Scott has alleged that both Global Vasion and Amazon sold the socks to her. Doc. 1 at 5. She has argued that Amazon is a seller for purposes of her implied-warranty claims because it passed title to Scott when it received her order and shipped the socks to her. Doc. 37 at 4. Amazon has not shown that this claim is implausible. Accordingly, the court will not grant Amazon's motion on these grounds.

**B.     Conditions of Use**

Amazon also argues that the Conditions of Use that govern transactions on Amazon.com foreclose Scott's implied-warranty claims. Amazon cites *Kaczmarek v. Microsoft Corp.*, 39 F. Supp. 2d 974, 975 (N.D. Ill. 1999), to argue that this court can consider the Conditions of Use attached to its motion because Scott's complaint alleges a breach of implied warranty. Doc. 25 at 14 n.5. However, *Kaczmarek* states that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint." *Kaczmarek*, 39 F. Supp. 2d at 975 (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). The plaintiff in *Kaczmarek* brought claims for violation of express and implied warranties, so the court considered the warranty attached to the defendant's motion to dismiss. *Id.* However, Scott's complaint does not refer to the Conditions of Use. And while Scott does bring implied-warranty claims, she makes no

6

reference to any express warranty. Finally, the Conditions of Use provide no warranty; rather, they disclaim all warranties, express or implied. (Doc. 25-1 at 40) Therefore, the court cannot consider the Conditions of Use or any disclaimer of warranty contained in them and will not grant Amazon's motion on these grounds.

## IV.  CONCLUSION

For these reasons, it is ORDERED that Defendant Amazon.com, Inc.'s motion to dismiss (Doc. 24) is DENIED. It is further ORDERED that Amazon.com, Inc. shall file an answer to Plaintiff's complaint within 14 days of the entry date of this order.

**SO ORDERED.**

Dated: April 29, 2021

_____
DAVID W. DUGAN
United States District Judge