IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANDRA SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-1287-DWD |
| | ) |
| GLOBAL VASION, INC., | ) |
| AMAZON.COM, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

**DUGAN, District Judge:**

Plaintiff Sandra Scott brings claims against Defendants Global Vasion, Inc. ("Global Vasion") and Amazon.com, Inc. related to the sale of electrically heated socks which she alleges caused the death of her father, Floyd Scott. (Doc. 1) Global Vasion, represented by attorneys from Lewis Rice, LLC, filed its answer to the complaint on January 28, 2021. (Doc. 22) On March 25, the Court granted Lewis Rice, LLC's motion to withdraw as counsel for Global Vasion. (Doc. 41) On the same day, the Court entered an order advising Global Vasion that it cannot proceed *pro se* because it is a corporation, that it must appear through new counsel by April 15, and that the failure to do so may result in an entry of default and default judgment. (Doc. 42) Both orders entered on March 25 were sent to Global Vasion.

Global Vasion did not appear through new counsel, and the Clerk of Court entered default on April 27. (Doc. 47) The Clerk's entry of default was sent to Global Vasion on the same day. On July 8, Plaintiff filed a motion for default judgment on Counts I, II, and

V–IX (Doc. 59) and a motion to dismiss without prejudice Count III and IV pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 58).[1] Plaintiff served her motion for default judgment on Global Vasion. (Doc. 59 at 3) To date, Global Vasion has not appeared to defend this action since its counsel withdrew in March.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred within the Sothern District of Illinois. The Court finds that Plaintiff has secured a proper Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a). Her Rule 55(b) motion for default judgment is in proper form and has been sent to Global Vasion as required by Local Rule 55.1(b). As a result, the Court further finds that a default judgment should enter against Global Vasion at this time.

Having determined that a default judgment should enter, the Court must determine the appropriate relief to award, which is best accomplished by setting a hearing to determine damages. At the hearing, Plaintiff may present any evidence or testimony related to damages she is owed for her injuries in this action. Plaintiff is reminded that, pursuant to Rule 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Plaintiff requests that a hearing on damages be held at the conclusion of this case. (Doc. 59 at 2)

For the above-stated reasons, the Court **GRANTS** Plaintiff's motions (Docs. 58 & 59) and enters judgment against the Defendant Global Vasion on the issue of liability. At

---

[1] In the complaint, Counts I–IX were only directed against Global Vasion. (Doc. 1 at 7–20)

the conclusion of this case and upon Plaintiff's request, a hearing will be set to address the question of damages. Counts III and IV are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to send a copy of this Order to Defendant Global Vasion, Inc. at its last known address.

**SO ORDERED.**

Dated: August 11, 2021

DAVID W. DUGAN
United States District Judge