IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANDRA SCOTT, individually and as Independent Administratrix of the Estate of FLOYD T. SCOTT, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 20-cv-1287-DWD<br>) |
| GLOBAL VASION, INC.,<br>AMAZON.COM, INC., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this matter, Plaintiff Sandra Scott, individually, and as the surviving spouse and Independent Administratrix of the Estate of Floyd T. Scott, brings wrongful death and survival claims against Defendants Global Vasion, Inc. and Amazon.com, Inc. related to the sale of electrically heated socks purchased from Global Vasion, Inc. through Amazon.com, Inc. (Doc. 67). Plaintiff alleges that on or about December 13, 2018, Floyd Scott suffered severe burn injuries to his right foot while wearing the electric heated socks, which resulted in his death on May 20, 2019.

Plaintiff's Amended Complaint asserts 19 claims for relief, including strict product liability, negligence, and breaches of the implied warrant of merchantability brought pursuant to the Illinois Wrongful Death Act, 740 Ill. Comp. Stat. Ann. 180/1 et seq., and the Illinois Survival Act, 755 Ill. Comp. Stat. Ann. 5/27-6, in addition to violations of the Illinois Family Expense Statute, 750 Ill. Comp. Stat. Ann. 65/15, and promissory estoppel

1

(Doc. 67).[1] The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred within the Southern District of Illinois.

Now before the Court is Plaintiff's Motion to Approve Apportionment of Settlement of Wrongful Death and Survival Actions and to Approve Distribution of Funds (Doc. 120). As further detailed in the Motion, Plaintiff and Defendant Amazon.com have reached a confidential settlement agreement, and now seek approval of the proposed settlement apportionment and distribution of settlement funds (Doc. 102). On November 28, 2023, the Court held a hearing on the Motion (Doc. 104). Upon review of the record, along with the representations made by Counsel at the hearing on November 28, 2023, and documents submitted to the Court for *in camera* review, the Motion to Approve Apportionment of Settlement and to Approve Distribution of Funds (Doc. 102) is **GRANTED**, and **IT IS ORDERED** as follows:

> 1. 80% of the net settlement proceeds, after payment of attorney's fees, costs, and liens, **SHALL** be allocated for damages under the Illinois Wrongful Death Act, 740 Ill. Comp. Stat. Ann. 180/2 and Illinois Family Expense Act, 750 Ill. Comp. Stat. Ann. 65/15, with 100% of this allocation distributed to Sandra Scott as further detailed in the Motion (Doc. 102).

---

[1] Counts VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, are directed towards Defendant Amazon.com, Inc. (Doc. 67). These counts include: (a) Strict Product Liability (Count VIII), Negligence (Count X), and Breach of Implied Warranty of Merchantability (Count XII) brought pursuant to the Illinois Wrongful Death Act, 740 Ill. Comp. Stat. Ann. 180/1 et seq. Counts XV and XVII also assert strict liability and negligence claims under the Illinois Wrongful Death Act based on *res ipsa loquitur*; (b) Strict Product Liability (Count IX), Negligence (Count XI), and Breach of Implied Warranty of Merchantability (Count XIII) brought pursuant to the Illinois Survival Act, 755 Ill. Comp. Stat. Ann. 5/27-6. Counts XVI and XVIII also assert strict liability and negligence claims under the Illinois Survival Act based on *res ipsa loquitur*; (c) Damages under the Illinois Family Expense Statute, 750 Ill. Comp. Stat. Ann. 65/15, (Count XIV); and (d) A claim for promissory estoppel (Count XIX).

2. 20% of the net settlement proceeds, after payment of attorney's fees, costs, and liens, **SHALL** be allocated for damages under the Illinois Survival Act, 755 Ill. Comp. Stat. Ann. 5/27-6. The settlement proceeds attributable to the Illinois Survival Act claims shall be distributed through the Estate of Floyd T. Scott, deceased.

3. The allocation of settlement proceeds as set forth in the Motion (Doc. 102) and in the documents made available to the Court for *in camera* review is just, fair, and reasonable under the circumstances, and is hereby **APPROVED**.

4. The attorney's fees, litigation expenses, and payment of medical liens as set forth in the Motion (Doc. 102) and in the documents made available to the Court for *in camera* review are **APPROVED**. The portion of the settlement award subject to the Medicaid lien identified in Plaintiff's Motion (Doc. 102-6), shall be disbursed to the lien holder(s) by Defendant Amazon.com, Inc. as indicated in the Motion (Doc. 102) and without further Order of the Court.

5. The total settlement amount, less the amount owed to Medicaid, shall be paid by Defendant Amazon.com, Inc. and delivered to Plaintiff's attorney in the form and legal tender indicated in the Motion (Doc. 102) and pursuant to the terms of the parties' settlement agreement without further Order of the Court.

In accordance with this Order, and with the approval of the above settlement allocation and distributions, all claims and causes of action asserted by Plaintiff against Defendant Amazon.com, Inc. in this matter are **DISMISSED with prejudice** pursuant to the parties' settlement agreement. At the close of this case, the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**SO ORDERED.**

Dated: November 28, 2023

_____
DAVID W. DUGAN
United States District Judge